### John Greer, Appellee, v. Finis E. Downing, Appellant.

1. BILLS AND NOTES—*maturity of demand note.* An instruction that if a demand note which was negotiated a year after its date was so negotiated before demand, a set-off against the payee could not be urged against it is erroneous.

2. BILLS AND NOTES—*when question of set-off for the jury.* It is for the jury to decide whether defendant has a set-off against the assignee after maturity of notes sued on for rent alleged to be due from the original payee, where the evidence is very conflicting.

3. JUDGMENT—*trifling error.* Where a judgment on notes is excessive by eleven cents, the maxim, *de minimis non curat lex*, should be applied.

Appeal from the County Court of Cass county; the HON. CHARLES ÆE MARTIN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912. Rehearing denied December 20, 1912.

A. A. LEEPER, for appellant.

NEIGER & GORDLEY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Finis E. Downing, executed and delivered to J. D. Russell two promissory notes. One of the notes is for $37.50, dated August 22, 1910, and is payable "on demand with interest at seven per cent. per annum after demand." The other is for $35.50, dated May 20, 1911, due thirty days after date with interest at seven

per cent. after maturity. The payee in the notes died August 4, 1911. His widow was appointed administratrix of his estate on August 8, 1911, and she indorsed the notes to John Greer, three or four days thereafter. Greer immediately demanded payment of the notes and brought suit against the maker before a justice of the peace to enforce their collection. From the judgment before the justice, Downing appealed to the county court, where a jury rendered a verdict against him, on January 5, 1912, for $75.56 on which judgment was rendered. Downing prosecutes this further appeal.

The first ground urged for reversal is that the court improperly instructed the jury and should have given other instructions in addition to those given. By agreement of counsel the court instructed the jury orally, and among other things the court told the jury, that the note dated May 20, 1911, was negotiated after maturity and was subject to the defense of set-off against it in the hands of Greer, the same as if it had not been negotiated and suit had been brought by the original payee; that if the note dated August 22, 1910, was assigned to Greer before demand made, then the defense of set-off could not be urged against that note. Complaint is made of that part of the charge, that applies to the note dated August 22d. We do not know of any case in which it has been held, that an indorsee of a demand note negotiated a year after its date, has been held to be a purchaser before maturity. That part of the charge was erroneous, both notes were indorsed after maturity. The jury found against the entire claim of set-off, since they rendered a verdict for the full amount of both notes. It is clear that the verdict was not affected by the erroneous part of the charge.

We have reviewed the contention of appellant although no objection or exception was taken to the instructions given, neither was there any request that the court should give any further instructions nor is

it mentioned among the various reasons in writing, filed as a ground for a new trial, that the court improperly instructed the jury.

The defendant filed a set-off amounting to $148 by which he claimed the notes were paid and that there was a balance due him. The notes were assigned after maturity and the assignee took them subject to all defenses available against the payee. The set-off is for rent of a room rented to the payee by the maker of the notes at the rate of two dollars per month from May 26, 1905, to December 1907, and for eighteen months rent in 1910 and 1911, at the same rate. The defendant admitted he had been paid forty to forty-five dollars cash on the rent but, said he had kept no book account of it although he had charged him up with the rent and that the charge for rent in 1910, and 1911, was made after the death of Russell. Appellee testified that when he presented the notes for payment, he asked appellant if Russell owed him anything and he replied, "No, sir, he did not owe me a cent," and that he said he would pay the notes as soon as he could. This is denied by appellant. Appellee is corroborated by the improbability of a man executing notes to his tenant, if his tenant owed him such a large amount for rent for several years before the notes were given. There was also some evidence tending to impeach the reputation of appellant for truth and veracity. We think it was a question of fact peculiarly within the province of a jury to decide from the conflicting evidence whether appellant had a set-off against the notes. The verdict of a jury should not be disturbed by a reviewing court, when it has been approved by the trial court, unless the court can say the verdict is manifestly against the evidence. That we cannot say in the present case.

It is also assigned as error that the judgment is excessive. If the first note does not draw interest until it was presented for payment after Russell's death the judgment is excessive by eleven cents. This

ground is not mentioned in the motion for a new trial and the amount is so small that the maxim *de minimis non curat lex* should be applied. If that had been suggested in the trial court it undoubtedly would have been remitted.

Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*